UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
                              :        04 CR 375-01(KMW)
          v.                  :        Order
                              :
                              :
ORLANDO LOPEZ                 :
                              :
------------------------------x

WOOD, U.S.D.J.:

    By pro se motion dated April 3, 2009, Defendant Orlando Lopez ("Lopez") moves for reconsideration of this Court's January 9, 2009 Order ("January 2009 Order") denying his January 2, 2008 motion ("January 2008 motion") for a sentence reduction. For the reasons stated below, the Court DENIES Lopez's motion for reconsideration.

    In his January 2008 motion, Lopez argued that the Court should reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines ("Guidelines"). Section 3582(c)(2) permits a court to reduce a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission. Amendment 706, which became effective on November 1, 2007, and which was given retroactive effect on March 3, 2008, lowers the base offense level, and thus the applicable Guidelines sentencing range, for certain offenses

1

involving crack cocaine.[1]

In its January 2009 Order, the Court found that Lopez was ineligible for a sentence reduction because Lopez was originally sentenced, not based on the then-applicable Guidelines sentencing range, but rather based on the ten-year mandatory minimum sentence statutorily required for his offenses. See 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 846. The Court therefore denied Lopez's January 2008 motion for resentencing.

Now, in his motion for reconsideration, Lopez makes various arguments about the scope of resentencing permitted under § 3582(c)(2) and Amendment 706, in light of the applicable Guidelines policy statement. These arguments are unavailing because a sentence reduction is precluded in his case, not because of the scope of resentencing available under § 3582(c)(2) and Amendment 706, but because Lopez is fundamentally ineligible for resentencing under these provisions at all.

As the Court has already noted, Lopez was sentenced to a statutory mandatory minimum sentence. The Court therefore lacks the authority, whether pursuant to § 3582(c)(2), Amendment 706, United States v. Booker, 543 U.S. 220 (2005), or Kimbrough v. United States, 128 S. Ct. 558 (2007), to resentence Lopez below

---

[1] Lopez was convicted of and sentenced for offenses involving, inter alia, crack cocaine.

this mandatory minimum sentence.[2]

For the reasons stated above, the Court DENIES Lopez's motion for reconsideration (D.E. 58).

SO ORDERED.

Dated:   New York, New York
         April 24, 2009

*[signature]*

KIMBA M. WOOD
United States District Judge

---

[2] Lopez also requests appointment of counsel to assist in his § 3582(c)(2) motion. The Court declines to appoint counsel for Lopez because his motion lacks substance. See, e.g., United States v. Campbell, No. 03 CR 537 (RJD), 2008 WL 1957773, *1 (S.D.N.Y. May 5, 2008).